COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS. | SUPERIOR COURT DEPT.<br>CIVIL ACTION<br>NO. 04-3639-E |

| | | |
|---|---|---|
| CHARLES ROBINSON,<br>Plaintiff | *<br>*<br>* | |
| vs. | * | **COMPLAINT AND JURY DEMAND** |
| | * | |
| VERIZON SERVICES GROUP,<br>Defendant | *<br>* | |

**INTRODUCTORY STATEMENT**

1.   This is an action for damages and other relief for the unlawful, tortious and discriminatory acts and breaches of contract by the defendant in its wrongful termination of the plaintiff, Charles Robinson from employment with the defendant, Verizon Services Group.

2.   Plaintiff, Charles Robinson, is an adult who resides in the Commonwealth of Massachusetts.

3.   Defendant, Verizon Services Group is a corporation with a usual place of business at Boston, Suffolk County, Massachusetts.

4.   On or about January 5, 1970, the plaintiff was first employed by the defendant and received favorable reviews by this defendant.

5.   On or shortly after the commencement of the plaintiff's employment with the defendant, Verizon Services Group, the defendant issued to the plaintiff policies of

employment which set forth the terms and conditions of employment by the defendant and upon which the plaintiff relied throughout his employment.

6. The defendant abruptly terminated the plaintiff from employment with the defendant Verizon Services Group.

7. In its treatment and termination of the plaintiff, the defendant violated their contract with the plaintiff.

8. Additionally under the terms of the policies of employment the defendant could dismiss the plaintiff, Charles Robinson, only for "just cause".

9. Plaintiff was terminated without just cause.

10. In its treatment and termination of the plaintiff, the defendant violated their own corporate policies, and its contract with the plaintiff, by terminating him in violation of the standards set forth.

11. All employees of defendant, Verizon Services Group were acting within the scope of their agency and employment and within the scope of their agency and authority with respect to the acts and omissions described throughout this complaint.

## COUNT 1 –BREACH OF CONTRACT FOR EMPLOYMENT

12. Plaintiff, Charles Robinson, hereby realleges each of the allegations contained in Paragraphs 1 through 11 above and incorporates them by reference herein.

13. Plaintiff, Charles Robinson, had an employment contract with the defendant.

14. Defendant breached its contract with the plaintiff by terminating him.

15. As a reasonably foreseeable consequence of the defendant's breach of contract, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation and other financial losses.

## COUNT 2  BREACH OF CONTRACT FOR YEAR-TO-YEAR EMPLOYMENT

16. Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 15 above and incorporates them by reference herein.

17. Plaintiff had an employment contract with the defendant, Verizon Services Group, for annually renewable year-to-year employment.

18. Defendant, Verizon Services Group breached its contract with the plaintiff by terminating him during a contract year.

19. As a reasonably foreseeable consequence of the defendant's breach of contract, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation and other financial losses.

## COUNT 3 – BREACH OF CONTRACT

20. Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 19 above and incorporates them by reference herein.

21. Plaintiff, Charles Robinson had an employment contract with the defendant Verizon Services Group which included in its terms and conditions the terms of the defendant's Verizon Services Group's policies and standards set forth.

22. Defendant breached its contract with the plaintiff by violating the terms of the policies and in its treatment of the plaintiff by terminating him.

23. As a reasonably foreseeable consequence of the defendant's breach of contract, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation and other financial losses.

## COUNT 4 – WRONGFUL TERMINATION-CONTRACT

24. Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 23 above and incorporates them by reference herein.

25. The acts and omission of the defendant constituted a breach of the implied covenant of good faith and fair dealing in the plaintiff's contract in that the defendant's actions:

    a. Were done without cause, maliciously and in bad faith.

    b. Involved defendant's attempt to benefit financially at the plaintiff's expense.

26. As a reasonably foreseeable consequence of the defendant's breach of contract, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation and other financial losses.

## COUNT 5 – NEGLIGENT BREACH OF CONTRACT-TERM

27. Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 26 above and incorporates them by reference herein.

28. As a reasonably foreseeable consequence of the defendant's breach of contract, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation and other financial losses.

29. The defendant owed the plaintiff contract duties not to terminate his employment without just cause and to give him notice, warning and an opportunity to dispute and/or improve alleged unsatisfactory information prior to terminating him.

30. The defendant negligently performed these contract duties.

31. As a result and proximate result of the defendant's tortious conduct, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation, other financial losses, medical expenses, and mental and emotional distress as a foreseeable consequence thereof.

## COUNT 6 – WRONGFUL TERMINATION-TORT

32. Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 31 above and incorporates them by reference herein.

33. Defendant's termination of plaintiff, Charles Robinson, and the course of dealings leading up to that termination were tortious in that these actions:

   a. Were done without cause, maliciously and in bad faith, and in violation of the terms of the plaintiff's contract;

   b. Were inconsistent with plaintiff's justified expectations as created by the defendant;

   c. Involved defendant's attempt to benefit financially at plaintiff's expense; and/or

   d. Violated public policy and community standards of fairness and reasonableness.

34. As direct and proximate result of the tortious conduct of defendant, plaintiff suffered damages including without limitation loss of income, fringe benefits, loss of business and personal reputation, other financial losses, mental and emotional distress and medical expenses.

### COUNT 7 – NEGLIGENCE

35. Plaintiff hereby realleges each of the factual allegations contained in Paragraphs 1 through 34 and incorporates them by reference herein.

36. While the plaintiff, Charles Robinson, was employed by defendant Verizon Services Group, the defendant owed him a duty to use a due care in conducting evaluations of his performance and making decisions regarding his retention, promotion and tenure.

37. Defendant breached its duty of due care by denying the plaintiff retention, promotion and tenure and by terminating his employment without giving the plaintiff notice of or an opportunity to cure.

38. As a direct and proximate result of the defendant's breach of their legal duty, the plaintiff, Charles Robinson, suffered loss of income, fringe benefits, professional reputation, and other financial losses.

### COUNT 8-CHAPTER 151 B

39. Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 38 above and incorporates them by reference herein.

40. The defendant unlawfully and willfully terminated the plaintiff due to the plaintiff's age in violation of M.G.L. Chapter 151 B.

41. The plaintiff has complied with the administrative filing requirements prior to filing suit.

WHEREFORE, the plaintiff demands judgment plus treble damages, attorney's fees, interest and other costs.

_____
FRANK L. FRAGOMENI, JR.
ATTORNEY FOR THE PLAINTIFF
15 BROAD STREET, SUITE 501
BOSTON, MA 02109
TEL. (617) 523-6511
BBO #176990

AUG 2 0 2004

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-3639-E

CHARLES ROBINSON

_____, Plaintiff(s)

v.

VERIZON SERVICES GROUP

_____, Defendant(s)

## SUMMONS

To the above-named Defendant:   Verizon Services Group
185 Franklin St.
Boston, MA

You are hereby summoned and required to serve upon  Frank L. Fragomeni, Jr.
Fragomeni & Carey
plaintiff's attorney, whose address is  15 Broad St., Boston, MA  02109  , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the  18th  day of  August  , in the year of our Lord two thousand  four (2004)  .

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 04-3639-E

CHARLES ROBINSON

, Plff(s).

v.

VERIZON SERVICES GROUP

, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

**N.B.   TO PROCESS SERVER:—**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 200

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 200__, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated: _____, 200__.

# CIVIL ACTION COVER SHEET

04-3639-E

**Trial Court of Massachusetts Superior Court Department**

County: Suffolk

**PLAINTIFF(S)**
CHARLES ROBINSON

**DEFENDANT(S)**
VERIZON SERVICES GROUP

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
FRANK L. FRAGOMENI, JR., BBO# 176990
FRAGOMENI & CAREY, 15 BROAD ST., BOSTON, MA
617-523-6511

Board of Bar Overseers number

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( X ) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $..........
2. Total Doctor expenses .................................................. $..........
3. Total chiropractic expenses ............................................ $..........
4. Total physical therapy expenses ........................................ $..........
5. Total other expenses (describe) ........................................ $..........

Subtotal $..........

B. Documented lost wages and compensation to date ........................... $100,000.00
C. Documented property damages to date ..................................... $..........
D. Reasonably anticipated future medical and hospital expenses .............. $..........
E. Reasonably anticipated lost wages ....................................... $..........
F. Other documented items of damages (describe)

$..........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was wrongfully terminated and has sustained over $100,000.00 in lost wages and benefits.

$..........
TOTAL $100,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record

DATE: 8/16/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| | CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land Taking (eminent domain) | (F) | E02 | Appeal from Administrative Agency G L c 30A | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L.c.40A | (F) | E03 | Action against Commonwealth /Municipality, G L c 258 | (A) |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E05 | All Arbitration | (X) |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of Mortgage | (X) | E07 | G L c.112,s.12S (Mary Moe) | (X) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien & charges | (X) | E08 | Appointment of Receiver | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (X) | E09 | General Contractor bond, G L c149,s.29,29a | (A) |
| | TORT | | | EQUITABLE REMEDIES | | E11 | Workers' Compensation | (X) |
| B03 | Motor Vehicle Negligence- Personal injury/Property Damage | (F) | D01 | Specific performance of contract | (A) | E12 | G.L.c.123A,s.12 (SDP Commitment) | (X) |
| B04 | Other negligence- personal injury/property damage | (F) | D02 | Reach and Apply | (F) | E14 | G.L. c. 123A, s. 9 (SDP Petition) | (X) |
| | | | D06 | Contribution or Indemnification | (F) | E15 | Abuse Petition, G L c.209A | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E16 | Auto Surcharge Appeal | (X) |
| B06 | Malpractice-Medical | (A) | D08 | Minority Stockholder's Suit | (A) | E17 | Civil Rights Act,G.L.c.12,s.11H | (A) |
| B07 | Malpractice-Other (Specify) | (A) | D10 | Accounting | (A) | E18 | Foreign Discovery Proceeding | (X) |
| | | | D12 | Dissolution of Partnership | (F) | E19 | Sex Offender Registry G.L.c. 178M,s.6 | (X) |
| B08 | Wrongful death,G.L.c.229,s.2A | (A) | D13 | Declaratory Judgment G.L.c. 231A | (A) | E25 | Pleural Registry (Asbestos cases) | |
| B15 | Defamation (Libel-Slander) | (A) | D99 | Other (Specify) | (F) | E95 | Forfeiture G.L.c. 94C,s.47 | (F) |
| B19 | Asbestos | (A) | | | | E96 | Prisoner Cases | (F) |
| B20 | Personal Injury-Slip & Fall | (F) | | | | E97 | Prisoner Habeas Corpus | (X) |
| B21 | Environmental | (F) | | | | E99 | Other (Specify) | (X) |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence- Personal Injury | (F) | Yes |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**