UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES ROBINSON,

        Plaintiff,

v.    CIVIL ACTION NO. 04-11964 NG

TELESECTOR RESOURCES GROUP, INC.
D/B/A/ VERIZON SERVICES GROUP,

        Defendant.

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TELESECTOR RESOURCES GROUP, INC. d/b/a VERIZON SERVICES GROUP

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Telesector Resources Group, Inc. d/b/a Verizon Services Group ("Verizon" or "Defendant") responds as follows to the allegations of Plaintiffs' Complaint ("Complaint") in the above-captioned matter. Defendant denies any allegations not specifically addressed below.

### INTRODUCTORY STATEMENT

1. This paragraph contains introductory statements and conclusions of law that require no response. To the extent that paragraph 1 contains any factual allegations, Defendant denies them.

2. Upon information and belief, Defendant admits the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

4. Defendant admits that Plaintiff was originally employed by Defendant's predecessor on or about January 5, 1970, and denies the remainder of the allegations of this paragraph.

5. Defendant denies the allegations in paragraph 5.

6. Defendant admits that it terminated Plaintiff's employment effective August 28, 2001, and denies the remainder of the allegations of this paragraph.

7. Defendant denies the allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 11 and, thus, denies those allegations.

## COUNT 1 – BREACH OF CONTRACT FOR EMPLOYMENT

12. Defendant repeats and incorporates its responses to the allegations of paragraphs 1 through 11 as if fully set forth herein.

13. Defendant denies the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant denies the allegations in paragraph 15.

## COUNT 2 – BREACH OF CONTRACT FOR YEAR-TO-YEAR EMPLOYMENT

16. Defendant repeats and incorporates its responses to the allegations of paragraphs 1 through 11 as if fully set forth herein.

17. Defendant denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

## COUNT 3 – BREACH OF CONTRACT

20. Defendant repeats and incorporates its responses to the allegations of paragraphs 1 through 19 as if fully set forth herein.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

## COUNT 4 – WRONGFUL TERMINATION - CONTRACT

24. Defendant repeats and incorporates its responses to the allegations of paragraphs 1 through 23 as if fully set forth herein.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

## COUNT 5 – NEGLIGENT BREACH OF CONTRACT - TERM

27. Defendant repeats and incorporates its responses to the allegations of paragraphs 1 through 26 as if fully set forth herein.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

## COUNT 6 – WRONGFUL TERMINATION - TORT

32. Defendant repeats and incorporates its responses to the allegations of paragraphs 1 through 31 as if fully set forth herein.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

## COUNT 7 - NEGLIGENCE

35. Defendant repeats and incorporates its responses to the allegations of paragraphs 1 through 34 as if fully set forth herein.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

## COUNT 8 – CHAPTER 151 B

39. Defendant repeats and incorporates its responses to the allegations of paragraphs 1 through 38 as if fully set forth herein.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As to each count, Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Without conceding that the Plaintiff has suffered any damages as a result of any purportedly wrongful act of Defendant, Plaintiff has failed to mitigate his damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust any administrative remedies.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its Answer and to assert further Affirmative Defenses as may become available during the course of discovery in this action.

WHEREFORE, Defendant respectfully requests that Plaintiff's claims be dismissed, with prejudice, and/or that judgment be granted in Defendant's favor and that Defendant be awarded its costs, including reasonable attorneys' fees, and such further relief to which Defendant may be entitled in law and equity.

                Respectfully submitted,

                Defendant,
                TELESECTOR RESOURCES GROUP, INC.
                D/B/A VERIZON SERVICES GROUP,
                By its attorneys,

                John P. McLafferty, BBO #639179
                DAY, BERRY & HOWARD LLP
                260 Franklin Street
                Boston, MA 02110
                (617) 345-4600

September 15, 2004

## CERTIFICATE OF SERVICE

I, John P. McLafferty, do hereby certify that on this 15tth day of September, 2004 a true copy of the foregoing Answer was delivered by first class mail, postage prepaid, to Frank L. Fragomeni, Jr., Esq., 15 Broad Street, Suite 501, Boston, MA 02109.

_____
John P. McLafferty

<h1 style="text-align:center">Day, Berry & Howard LLP</h1>
COUNSELLORS AT LAW



John P. McLafferty
Direct Dial: (617) 345-4669
E-mail: jpmclafferty@dbh.com

September 15, 2004

**VIA HAND DELIVERY**

United States District Court
Attn: Civil Clerk's Office
United States Courthouse
1 Courthouse Way
Boston, MA 02210

    Re:  **Charles Robinson v. Telesector Resources Group, Inc. d/b/a Verizon Services Group**, Civil Action No. 04-11964-NG

Dear Sir/Madam:

Enclosed for filing in the above referenced matter, please find:

1. Answer and Affirmative Defenses of Defendant Telesector Resources Group, Inc. d/b/a Verizon Services Group; and

2. Corporate Disclosure Statement of Defendant Telesector Resources Group, Inc. d/b/a Verizon Services Group.

Please note we attempted to file these pleadings electronically via the ECF system; however, the docket is not yet available on the system.

Kindly docket and file the enclosed in your usual manner and acknowledge your receipt by stamping the enclosed copy of this letter and returning to me via the messenger. Please do not hesitate to contact me should you have any questions. Thank you for your attention in this matter.

                Very truly yours,

                John McLafferty /egd
                John P. McLafferty

JPM/egd
Enclosures
cc:   Frank L. Fragomeni, Jr., Esq. (w/encl.)