Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

### SUCV2004-03639
### Robinson v Verizon Services Group

| File Date | 08/17/2004 | Status | Disposed: transferred to other court (dtrans) |
|---|---|---|---|
| Status Date | 09/10/2004 | Session | E - Civil E |
| Origin | 1 | Case Type | B22 - Employment Discrimination |
| Lead Case | | Track | F |

| Service | 11/15/2004 | Answer | 01/14/2005 | | | |
|---|---|---|---|---|---|---|
| Rule 15 | 01/14/2005 | Discovery | 06/13/2005 | Rule12/19/20 | 01/14/2005 | |
| Final PTC | 08/12/2005 | Disposition | 10/11/2005 | Rule 56 | 07/13/2005 | |
| | | | | Jury Trial | No | |

### PARTIES

**Plaintiff**
Charles Robinson
Active 08/17/2004

Private Counsel 176990
Frank L Fragomeni Jr
Fragomeni & Carey
15 Broad Street
Suite 501
Boston, MA 02109
Phone: 617-523-6511
Fax: 617-367-6475
Active 08/17/2004 Notify

**Defendant**
Verizon Services Group
Served: 08/20/2004
Served (answr pending) 08/31/2004

Private Counsel 639179
John P McLaffety
Day Berry & Howard
260 Franklin Street
Boston, MA 02110
Phone: 617-345-4500
Fax: 617-439-4453
Active 09/10/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/17/2004 | 1.0 | Complaint |
| 08/17/2004 | | Origin 1, Type B22, Track F. |
| 08/17/2004 | 2.0 | Civil action cover sheet filed |
| 08/31/2004 | 3.0 | SERVICE RETURNED: Verizon Services Group(Defendant)(In hand on 8/20/04) |
| 09/10/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Telesector Resources Group, Inc. d/b/a Verizon Services Group U. S. Dist.#(04-11964NG). |
| 09/10/2004 | | Case REMOVED this date to US District Court of Massachusetts |

I HEREBY ATTEST AND CERTIFY ON

SEPT. 13, 2004, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Loraine A. Artosca_

ASSISTANT CLERK.

*Suffolk Superior Civil # 04-3639*

**COPY**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CHARLES ROBINSON,

Plaintiff,

v.

TELESECTOR RESOURCES GROUP, INC.
d/b/a VERIZON SERVICES GROUP,

Defendant.

**04-11964 NG**

Civil Action No. _____



### NOTICE OF REMOVAL

**TO:   CLERK OF COURT**
**U.S. DISTRICT COURT for the DISTRICT OF MASSACHUSETTS**

PLEASE TAKE NOTICE that the Defendant, Telesector Resources Group, Inc. d/b/a Verizon Services Group ("Defendant"), hereby files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441(a) and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure.  The grounds for removal are as follows:

1.     On or about August 17, 2004, Plaintiff commenced a civil action entitled <u>Charles Robinson v. Verizon Services Group</u>, Civil Action No. 04-3639-E, in Superior Court, Suffolk County at Boston, Massachusetts.  Service of the Summons, Civil Action Cover Sheet, and Complaint was made on Defendant on or about August 20, 2004.  Copies of the Summons, Complaint, and Civil Action Cover Sheet are attached hereto as **Exhibit 1.**  There have been no further proceedings in this action.

2.     The Complaint alleges various claims against Defendant arising out of Defendant's termination of Plaintiff's employment, including breach of contract, wrongful termination, negligence and age discrimination in violation of M.G.L. c. 151B.

3.     The Complaint alleges that Plaintiff is a resident of the Commonwealth of Massachusetts.

4.     Defendant Telesector Resources Group, Inc. d/b/a Verizon Services Group ("Verizon") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in New York, New York.

5.     Upon information and belief, the matter in controversy exceeds $75,000.

6.     This Court has original subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because the action is between citizens of different states. Defendant, therefore, is entitled to have this action removed pursuant to 28 U.S.C. § 1441(a).

7.     This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) in that the United States District Court for the District of Massachusetts embraces the location in which the state court action is pending (i.e., Boston, Massachusetts).

8.     This Notice of Removal is being filed within thirty (30) days of Defendant's receipt of the Summons and Complaint, as required by 28 U.S.C. § 1446(b).

9.     Defendant will send a copy of this Notice of Removal to Plaintiff's counsel and to the Clerk of the Superior Court, Suffolk County, to be filed with that Court, pursuant to 28 U.S.C. § 1446(d).

10.     Pursuant to Local Rule 81.1 of this Court, within thirty (30) days, Defendant will file with the Clerk of this Court certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries there.

WHEREFORE, Defendant hereby removes the above-captioned action now pending in the Superior Court, Suffolk County, Massachusetts to the United States District Court for the District of Massachusetts.

Respectfully submitted,
TELESECTOR RESOURCES GROUP, INC. d/b/a
VERIZON SERVICES GROUP,
Defendant,

By its attorneys,


John P. McLafferty (BBO # 639179)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, Massachusetts 02110-3179
DATED: September 10, 2004        (617) 345-4600


## CERTIFICATE OF SERVICE

I, John P. McLafferty, hereby certify that on the 10th day of September, 2004, I served a true and correct copy of the foregoing via first class mail, postage prepaid, upon Plaintiff's counsel, Frank L. Fragomeni, Jr. 15 Broad Street, Suite 501, Boston, MA 02109.


John P. McLafferty

I HEREBY ATTEST AND CERTIFY ON
SEPT. 13, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

-3-

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 04-3639-E

—————————————————
CHARLES ROBINSON,                     )
                                      )
                    Plaintiff,        )
                                      )
v.                                    )
                                      )
VERIZON SERVICES GROUP,               )
                                      )
                    Defendant.        )
—————————————————————)

## NOTICE OF FILING OF NOTICE OF REMOVAL
## TO UNITED STATES DISTRICT COURT

Pursuant to 28 U.S.C. § 1446(d), Defendant hereby gives notice that, on September 10,

2004, it filed a Notice of Removal in the United States District Court for the District of

Massachusetts, removing the above-captioned action from this Court to the United States District

Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. An

originally certified copy of Defendant's Notice of Removal is attached hereto as **Exhibit A**.

Respectfully submitted,
TELESECTOR RESOURCES GROUP, INC. d/b/a
VERIZON SERVICES GROUP,
Defendant,

By its attorneys,

John P. McLafferty (BBO # 639179)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, Massachusetts 02110-3179
(617) 345-4600

DATED: September 10, 2004

## CERTIFICATE OF SERVICE

I, John P. McLafferty, hereby certify that on the 10th day of September, 2004, I served a true and correct copy of the foregoing via first class mail, postage prepaid, upon Plaintiff's counsel, Frank L. Fragomeni, Jr. 15 Broad Street, Suite 501, Boston, MA 02109.

John P. McLafferty

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 04-3639-E

| | |
|---|---|
| CHARLES ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VERIZON SERVICES GROUP, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF APPEARANCE

Kindly enter the appearance of John P. McLafferty, on behalf of the Defendant,

Telesector Resources Group, Inc. d/b/a Verizon Services Group, in connection with the above-

captioned action.

Respectfully submitted,
TELESECTOR RESOURCES GROUP, INC. d/b/a
VERIZON SERVICES GROUP,
Defendant,

By its attorneys,

John P. McLafferty (BBO # 639179)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, Massachusetts 02110-3179
(617) 345-4600

DATED: September 10, 2004

## CERTIFICATE OF SERVICE

I, John P. McLafferty, hereby certify that on this 10th day of September, 2004, I served a true and correct copy of the foregoing via first class mail, postage prepaid, upon Plaintiff's counsel, Frank L. Fragomeni, Jr. 15 Broad Street, Suite 501, Boston, MA 02109.

John P. McLafferty

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPT.
CIVIL ACTION
NO.    04-3639-E

CHARLES ROBINSON,     *
    Plaintiff     *
         *
vs.     *     **COMPLAINT AND JURY DEMAND**
         *
VERIZON SERVICES GROUP,     *
    Defendant     *

## INTRODUCTORY STATEMENT

1.      This is an action for damages and other relief for the unlawful, tortious and discriminatory acts and breaches of contract by the defendant in its wrongful termination of the plaintiff, Charles Robinson from employment with the defendant, Verizon Services Group.

2.      Plaintiff, Charles Robinson, is an adult who resides in the Commonwealth of Massachusetts.

3.      Defendant, Verizon Services Group is a corporation with a usual place of business at Boston, Suffolk County, Massachusetts.

4.      On or about January 5, 1970, the plaintiff was first employed by the defendant and received favorable reviews by this defendant.

5.      On or shortly after the commencement of the plaintiff's employment with the defendant, Verizon Services Group, the defendant issued to the plaintiff policies of

employment which set forth the terms and conditions of employment by the defendant and upon which the plaintiff relied throughout his employment.

6.    The defendant abruptly terminated the plaintiff from employment with the defendant Verizon Services Group.

7.    In its treatment and termination of the plaintiff, the defendant violated their contract with the plaintiff.

8.    Additionally under the terms of the policies of employment the defendant could dismiss the plaintiff, Charles Robinson, only for "just cause".

9.    Plaintiff was terminated without just cause.

10.    In its treatment and termination of the plaintiff, the defendant violated their own corporate policies, and its contract with the plaintiff, by terminating him in violation of the standards set forth.

11.    All employees of defendant, Verizon Services Group were acting within the scope of their agency and employment and within the scope of their agency and authority with respect to the acts and omissions described throughout this complaint.

## COUNT 1 –BREACH OF CONTRACT FOR EMPLOYMENT

12.    Plaintiff, Charles Robinson, hereby realleges each of the allegations contained in Paragraphs 1 through 11 above and incorporates them by reference herein.

13.    Plaintiff, Charles Robinson, had an employment contract with the defendant.

14.    Defendant breached its contract with the plaintiff by terminating him.

15.    As a reasonably foreseeable consequence of the defendant's breach of contract, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation and other financial losses.

## COUNT 2 – BREACH OF CONTRACT FOR YEAR-TO-YEAR EMPLOYMENT

16.    Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 15 above and incorporates them by reference herein.

17.    Plaintiff had an employment contract with the defendant, Verizon Services Group. for annually renewable year-to-year employment.

18.    Defendant, Verizon Services Group breached its contract with the plaintiff by terminating him during a contract year.

19.    As a reasonably foreseeable consequence of the defendant's breach of contract, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation and other financial losses.

## COUNT 3 – BREACH OF CONTRACT

20.    Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 19 above and incorporates them by reference herein.

21.    Plaintiff, Charles Robinson had an employment contract with the defendant Verizon Services Group which included in its terms and conditions the terms of the defendant's Verizon Services Group's policies and standards set forth.

22.    Defendant breached its contract with the plaintiff by violating the terms of the policies and in its treatment of the plaintiff by terminating him.

23.    As a reasonably foreseeable consequence of the defendant's breach of contract, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation and other financial losses.

## COUNT 4 – WRONGFUL TERMINATION-CONTRACT

24.    Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 23 above and incorporates them by reference herein.

25.    The acts and omission of the defendant constituted a breach of the implied covenant of good faith and fair dealing in the plaintiff's contract in that the defendant's actions:

      a.  Were done without cause, maliciously and in bad faith.

      b.  Involved defendant's attempt to benefit financially at the plaintiff's expense.

26.    As a reasonably foreseeable consequence of the defendant's breach of contract, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation and other financial losses.

## COUNT 5 –NEGLIGENT BREACH OF CONTRACT-TERM

27.    Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 26 above and incorporates them by reference herein.

28.    As a reasonably foreseeable consequence of the defendant's breach of contract, plaintiff suffered loss of income, fringe benefits, the loss of business and personal reputation and other financial losses.

29.    The defendant owed the plaintiff contract duties not to terminate his employment without just cause and to give him notice, warning and an opportunity to dispute and/or improve alleged unsatisfactory information prior to terminating him.

30.    The defendant negligently performed these contract duties.

31.    As a result and proximate result of the defendant's tortious conduct, plaintiff

suffered loss of income, fringe benefits, the loss of business and personal reputation,

other financial losses, medical expenses, and mental and emotional distress as a

foreseeable consequence thereof.

## COUNT 6 – WRONGFUL TERMINATION-TORT

32.    Plaintiff hereby realleges each of the allegations contained in Paragraphs 1

through 31 above and incorporates them by reference herein.

33.    Defendant's termination of plaintiff, Charles Robinson, and the course of dealings

leading up to that termination were tortious in that these actions:

   a. Were done without cause, maliciously and in bad faith, and

      in violation of the terms of the plaintiff's contract;

   b. Were inconsistent with plaintiff's justified expectations

      as created by the defendant;

   c. Involved defendant's attempt to benefit financially at

      plaintiff's expense; and/or

   d. Violated public policy and community standards of

      fairness and reasonableness.

34.    As direct and proximate result of the tortious conduct of defendant, plaintiff

suffered damages including without limitation loss of income, fringe benefits, loss of

business and personal reputation, other financial losses, mental and emotional distress

and medical expenses.

## COUNT 7 – NEGLIGENCE

35.    Plaintiff hereby realleges each of the factual allegations contained in Paragraphs 1 through 34 and incorporates them by reference herein.

36.    While the plaintiff, Charles Robinson, was employed by defendant Verizon Services Group, the defendant owed him a duty to use a due care in conducting evaluations of his performance and making decisions regarding his retention, promotion and tenure.

37.    Defendant breached its duty of due care by denying the plaintiff retention, promotion and tenure and by terminating his employment without giving the plaintiff notice of or an opportunity to cure.

38.    As a direct and proximate result of the defendant's breach of their legal duty, the plaintiff, Charles Robinson, suffered loss of income, fringe benefits, professional reputation, and other financial losses.

## COUNT 8-CHAPTER 151 B

39.    Plaintiff hereby realleges each of the allegations contained in Paragraphs 1 through 38 above and incorporates them by reference herein.

40.    The defendant unlawfully and willfully terminated the plaintiff due to the plaintiff's age in violation of M.G.L. Chapter 151 B.

41.    The plaintiff has complied with the administrative filing requirements prior to filing suit.

WHEREFORE, the plaintiff demands judgment plus treble damages, attorney's fees, interest and other costs.

. HEREBY ATTEST AND CERTIFY ON
SEPT. 13, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

FRANK L. FRAGOMENI, JR.
ATTORNEY FOR THE PLAINTIFF
15 BROAD STREET, SUITE 501
BOSTON, MA  02109
TEL. (617) 523-6511
BBO #176990

| CIVIL ACTION COVER SHEET | 'O4-3639 E | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| CHARLES ROBINSON | VERIZON SERVICES GROUP |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| FRANK L. FRAGOMENI, JR., BBO# 176990 FRAGOMENI & CAREY, 15 BROAD ST., BOSTON, MA 617-523-6511 | |

Board of Bar Overseers number:

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( X ) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . $ 100,000.00
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F. Other documented items of damages (describe) . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was wrongfully terminated and has sustained over $100,000.00 in lost wages and benefits.

TOTAL $ 100,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record                                      DATE: 8/16/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

SEPT. 13, 2004, THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

# Commonwealth of Massachusetts

3

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-3639-E

CHARLES ROBINSON

_____ , Plaintiff(s)

v.

VERIZON SERVICES GROUP

_____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

Verizon Services Group
185 Franklin St.
Boston, MA

You are hereby summoned and required to serve upon Frank L. Fragomeni, Jr.
Fragomeni & Carey

plaintiff's attorney, whose address is 15 Broad St., Boston, MA 02109 , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 18th                    day of
August                    , in the year of our Lord two thousand four (2004) .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
   (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
SEPT. 13, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.