UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES ROBINSON,<br><br>        Plaintiff,<br><br>v.<br><br>TELESECTOR RESOURCES GROUP, INC. D/B/A<br>VERIZON SERVICES GROUP,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 04-11964-NG<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

In support of its Motion for Summary Judgment, the Defendant Verizon maintained that as a matter of law and undisputed facts, a reasonable fact finder could not find the essential elements of Plaintiff's age discrimination and public policy wrongful discharge claims. Plaintiff's Opposition ("Opp.") and the insufficient evidence it presents in support of his claims does nothing to undermine Verizon's arguments warranting summary judgment.[1] Rather, Plaintiff alleges that summary judgment is inappropriate because: (1) Verizon's proffered reason for his layoff was pretextual; (2) Plaintiff's view of the facts suggests an inference of age bias; (3) the statute of limitations on Plaintiff's age claim did not begin to run until August 30, 2001; and (4) Plaintiff was terminated for complaining of what he now characterizes as unfair and deceptive trade practices prohibited by Massachusetts law. Plaintiff attempts to create issues of fact from mischaracterizations of testimony and unsubstantiated speculation rather than the evidence from the record. While this Court must view the facts in the light most favorable to the Plaintiff, it must disregard his unsupported allegations, unreasonable inferences and speculation. Flebotte v. Dow Jones & Co., 51 F. Supp.2d 36, 37-38 (D.

---

[1] In his Opposition, Plaintiff fails to address or submit any evidence in support of his claims for breach of contract (Counts I, II, III and V) and negligence (Count VII). As a result, Plaintiff has necessarily waived these claims, and Defendant is entitled to summary judgment with respect to these claims. See Defendant's

Mass. 1999).[2] As discussed below, the Opposition is replete with smoke-and-mirror distractions, including misquotations of deposition testimony and assertion of "facts" not supported by the record. None of Plaintiff's tactics, however, are sufficient to save Plaintiff's claims from summary judgment.

I. **PLAINTIFF OFFERS NO EVIDENCE THAT VERIZON'S BUSINESS DECISION WAS A PRETEXT**

Plaintiff relies on two arguments to suggest that Verizon's decision to retain other Team Leaders was a pretext.[3] First, Plaintiff selectively cites deposition testimony and a Verizon document to suggest that the selection decision was made on July 1, 2001, prior to the receipt of the resumes upon which the decision makers, Henry Pilat and Claudia D'Amato, assert they relied. Opp. at 4, 11. Plaintiff fails to cite the remaining pages of Pilat's deposition in which Pilat stated that he did not recall the exact date of the decision but believed the decision he had made four years earlier was at the beginning of July 2001. See Def.'s Statement of Undisputed Facts ("SOF"), Ex. 2 at 7-10. Plaintiff similarly ignores the consistent testimony of Pilat and D'Amato that they made the selection

---

Memorandum in Support of Motion for Summary Judgment ("Def. Mem."), at 16-20; see also Fed. R. Civ. P. 56(e). Thus only Plaintiff's age discrimination and public policy claims (Counts IV, VI and VIII) remain.

[2] The Court's task is made very much more difficult because Plaintiff's Opposition fails to cite any admissible evidence. By failing to provide citations in his Opposition, Plaintiff necessarily leaves it a matter of conjecture (even after scouring all of Plaintiff's submissions) as to which parts of the record he believes support his contentions about the facts. Plaintiff's choice not to provide citations in his memorandum also allows him to make numerous unsupported allegations and conclusions without risking being directly contradicted by the record. Rule 56 and Local Rule 56.1 require a party opposing summary judgment to identify with precision the particular facts in dispute and to make specific reference to the evidence upon which the party relies in support of his position. Failure to perform this task is not a mere defect in form, but rather a fundamental failure to comply with Rule 56. See Dziamba v. Warner & Stackpole LLP, 2000 WL 1511661, at *1 (Mass. Sup. Ct. Sept. 15, 2000)("The task requires discipline and precision; rhetoric and hyperbole will not substitute for careful analysis.")

[3] In his Opposition, Plaintiff makes reference to the standard for an age claim under a disparate impact theory. Opp. at 12-14. Plaintiff, however, has not until this time alleged disparate impact age discrimination. In any event, Plaintiff cannot prevail under a disparate impact theory because he cannot, and has not, pointed to any specific policy or plan that has a disparate impact on the employees at Verizon. "It is not enough to simply allege that there is a disparate impact on workers, or point to a generalized policy that leads to such an impact. Rather, the employee is responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities." Smith v. City of Jackson, 125 S. Ct. 1536, 1545 (2005) (quotations and citations omitted). Plaintiff's failure to identify the specific practice being challenged or proffer any statistics is fatal to any disparate impact claim which he now appears to allege.

decision only after receiving resumes from all Team Leaders. SOF ¶¶ 22-24. Plaintiff then relies on a Verizon document listing the retention status of the Team Leaders with the legend "Effective 07/01/01" as evidence that the selection decision was made before July 1. See Pl.'s Ex. 4, at ¶¶ 1-3; SOF Ex. 5. Plaintiff ignores the fact that the blank document from which Pilat and D'Amato created their final listing also contains the same July 1, 2001 legend. See SOF Ex. 11, at p. 12. Similarly, the RIF Users Guide to which Pilat and D'Amato referred in conducting this reduction in force is also dated July 1, 2001. SOF Ex. 11. Thus, the July 1, 2001 date printed on the completed form merely reflects the effective date of the template and guide from which it came, and not the date the final form was completed. Neither this purported smoking gun nor anything else Plaintiff has offered contradicts or makes pretextual Pilat's and D'Amato's unequivocal testimony that the decision was made after Pilat and D'Amato received the Team Leaders' resumes, i.e., after July 10, 2001.[4] SOF ¶ 24.

Second, Plaintiff asserts that Verizon could not have legitimately terminated his employment in light of his tenure, perfect attendance, and positive performance evaluations and awards. Opp. at 18, 22, 25, 26, 28. Plaintiff simply misses the point. Plaintiff's "personal opinion regarding his own job qualifications is not sufficiently probative on the issue of pretext." Shorette v. Rite Aid of Maine, Inc., 155 F.3d 8, 15 (1st Cir. 1998); Compton v. GTE Gov't Sys. Corp., 1995 WL 791938, at * 6 (D. Mass. Dec. 7 1995). In a reduction in force, an employer does not evaluate an employee's performance in a vacuum. See Watkins v. Sverdrup Tech., 153 F.3d 1308, 1317 (11th Cir. 1998). Instead, the employer compares similarly situated employees to one another and determines whom to retain. The undisputed facts demonstrate that Pilat and D'Amato did not retain Plaintiff because,

---

[4] Plaintiff also contends that summary judgment should be denied because Verizon has no documents which specifically set forth the reasons why Plaintiff was not selected for retention, and concludes that the decision must have been age-based. Opp. at 4, 17. The undisputed evidence clearly establishes three reasons why Plaintiff was not selected for retention as opposed to other Team Leaders. SOF ¶¶ 25-27. Such evidence is sufficient to support Defendant's Motion for Summary Judgment, particularly in light of Plaintiff's failure to submit facts which dispute such reasons. See Local Rule 56.1.

compared to the other Team Leaders, they concluded that Plaintiff was the least valuable.[5] SOF ¶¶ 24-25. Plaintiff has not produced any evidence to support a rational finding that Verizon's reasons are false or that Plaintiff's age was the real reason for Verizon's actions. See Def. Mem. at 13-15.

II.     **PLAINTIFF'S "FACTS" DO NOT CREATE AN INFERENCE OF AGE BIAS**

In seeking to establish anything that may create an inference of age discrimination, Plaintiff offers tidbits of assertions that are, in context, insufficient to create any inference of age bias. First, Plaintiff asserts that as the "oldest white male" Team Leader, he was not selected for retention. Opp. at 3, 15. Leaving aside the irrelevance of race or gender, Plaintiff ignores the fact that the oldest Team Leader, Brenda Joy, was retained and still works for Verizon.[6] SOF ¶ 28. In any event no inference is available from Plaintiff's status as the oldest white male.

Plaintiff next boldly asserts that Pilat and D'Amato "used records which included the age [sic] of each of the people involved … length of service … and retirement eligibility" in making the selection decision. Opp. at 22. This assertion is false. Plaintiff cites no evidence for this speculation, nor can he, because this misstatement is directly contradicted by the unambiguous and undisputed testimony of Pilat and D'Amato. SOF ¶24.[7] Furthermore, in yet another attempt to create an inference of age animus where none exists, Plaintiff claims that he was replaced by a younger service

---

[5] Plaintiff does not dispute that: (1) Verizon had a legitimate business need to reduce service representative and management positions in 2001; (2) he was not as proficient as the other Team Leaders in the relevant SOP systems; and (3) the other Team Leaders provided Pilat and D'Amato with far more detailed descriptions of their accomplishments. See Pl.'s Ex. 1 at ¶¶ 13, 18-19, 23. Plaintiff also asserts that he "believes" three other Team Leaders were less qualified than him. See Pl.'s Ex. 3 at ¶ 19. Implicit in that "belief" is that the remaining Team Leaders, all but one of whom were younger than Plaintiff, were as qualified or more qualified than Plaintiff.

[6] Plaintiff also fails to address another undisputed fact that proves fatal to his claim, namely that Pilat was the same manager who only fifteen months earlier had chosen to hire Plaintiff for a Team Leader position. This same actor inference and the undisputed facts undermine any basis for Plaintiff's prima facie case. See Def. Mem. at 12-13.

[7] Plaintiff alleges that Pilat "knew [Plaintiff's] age when [Plaintiff] was terminated." Pl.'s Ex. 4 at ¶ 14. In support of that assertion, Plaintiff cites three pages of Pilat's deposition in which Pilat was asked about documents created by Verizon in response to Plaintiff's MCAD charge, filed three months after the decision to not select Plaintiff for retention was made, containing the ages of the Team Leaders. See Pl. Ex. B at 60-62.

representative. Opp. at 3, 16-17, 22. Plaintiff does not identify this replacement or his or her age. See Pl.'s Ex. 2 at ¶ 2. The undisputed facts demonstrate that Plaintiff was not replaced; rather, his duties were reassigned to the eleven Team Leaders who were retained. SOF ¶ 32. Plaintiff's asserted "understanding" concerning how and to whom his duties were assigned following the termination of his employment from Verizon is patently inadequate to create a genuine issue of material fact to dispute Verizon's undisputed facts. See Fed. R. Civ. P. 56(e); Perez v. Volvo Car Corp., 247 F.3d 303, 315 (1st Cir. 2001).

Next, as anticipated, Plaintiff cites as evidence of Pilat's alleged age bias the "unicorn" cartoon, Pilat's alleged questions regarding Plaintiff's interest in a retirement package, and the purported threatened reduction in his job responsibilities. Opp. at 22, 24-25. None of these events, viewed in context, are probative of anything. See Def. Mem. at 9-12. Plaintiff's bare assertion that the cartoon constitutes direct proof of discrimination has simply no basis in fact or reason. Id. at 9-10. Similarly, Pilat's three alleged comments made in or before August 2000 are temporally and factually unrelated to the July 2001 RIF decision and are thus of no evidentiary value nor do they give rise to any inference of age bias. Id. at 10-11. Further, even if Plaintiff's contention that Pilat intended to take away Plaintiff's employees is credited, Plaintiff offers no facts that would permit a reasonable fact finder to conclude that Pilat's actions were motivated by Plaintiff's age. Id. at 11-12.[8]

---

[8] In his fact submissions, but missing from his Opposition, Plaintiff also alleges that Pilat showed preferential treatment to two "younger males," Adam Aliberti and Matt Blais, by disregarding their alleged violations of Verizon's rules of conduct. Pl.'s Ex. 3 at ¶13. Plaintiff cites Pilat's deposition for the proposition that Aliberti and Blais each were "disciplined and reprimanded" for "disseminating pornography" and "gambling", respectively. Pl.'s Ex. 3 at ¶13; Pl.'s Ex. 4 at ¶¶ 43-44. Once again, Plaintiff overreaches. Pilat testified that Aliberti did not disseminate anything but rather was copied on a e-mail message that contained inappropriate jokes and Blais was a participant in a Super Bowl football pool. Pl. Ex. B at 159-162.Pilat testified that he was not aware of Aliberti or Blais being reprimanded or disciplined. Id. Not only does Plaintiff offer no basis beyond speculation for showing that Aliberti and Blais violated company rules of conduct, he has offered no basis for showing that any disregard of such violations was at all related to age. Indeed, Plaintiff himself was alleged to have violated Verizon's rules of conduct when he allegedly sent harassing emails to a female coworker with whom he had been having an affair, after she broke off their relationship. See SOF Ex. 1 at 46-47; SOF Ex. 2 at 88-90; Deposition of Charles Robinson, dated March 23, 2005 ("Robinson Dep."), attached hereto as Ex. 1, at 95-102.  The record is clear that Pilat did not use

Finally, Plaintiff asserts that he was targeted for layoff because he was retirement eligible, had significant length of service with the company and his salary was higher than the retained Team Leaders. See Opp. at 3, 22, 24. Plaintiff offers no evidence to counter the undisputed facts that none of those factors were considered in the RIF decision.[9] Thus, like the remainder of his unsupported contentions, these allegations do not create any inference of age discrimination.

### III. **PLAINTIFF'S AGE DISCRIMINATION CLAIM IS TIME-BARRED**

Plaintiff's reach again exceeds his grasp as he attempts to save his claim from the statute of limitations bar by creating yet more smoke in an effort to obfuscate the undisputed facts. First, Plaintiff's counsel avers that the August 7, 2001 date on Plaintiff's sworn and verified MCAD complaint was a typographical error. Opp. at 5; SOF Ex. 17. Yet Plaintiff never attempted to correct this "typographical error" until now, more than four years later.[10] Therefore, Plaintiff's counsel's averments regarding this "error" are too little too late and should be completely disregarded. Second, Plaintiff asserts that his claim was timely filed under the continuing violation doctrine. Opp. at 5-7. This too is unavailing because the continuing violation theory applies to hostile environment and similar claims alleging a series of discriminatory acts, claims wholly different from a discrete act like the reduction in force at issue here. See Ocean Spray Cranberries, Inc. v Mass. Comm. Against Discrim., 441 Mass. 632, 643, 808 N.E.2d 257 (2004). Plaintiff admits that no later than July 30, 2001 he believed that he was being terminated because of his age. SOF ¶ 29. Thus, because Plaintiff

---

Plaintiff's own alleged violations of company rules against him or as a factor that influenced his selection of Plaintiff for layoff. Id. In short, there is no basis for reasonably thinking Pilat's treatment of Aliberti and Blais differed from his treatment of Plaintiff.

[9] Nor would consideration of those facts constitute age discrimination. "When the employer's decision is wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears. This is true even if the motivating factor is correlated with age, as pension status typically is . . . Because age and years of service are analytically distinct, an employer can take account of one while ignoring the other." Hazen Paper Co. v. Biggins, 507 U.S. 604, 611 (1993) (quotations and citations omitted).

[10] At deposition, Plaintiff had the opportunity to make the correction, yet did not do so, merely stating that he could not recall why that date was in his charge. SOF Ex. 1 at 190-192.

did not file this action until August 17, 2004, Plaintiff's age discrimination claim is barred by the three-year statute of limitations.[11]  Def. Mem. at 15-16.

IV. **PLAINTIFF'S PUBLIC POLICY DISCHARGE CLAIMS FAIL AS WELL**

Finally, there is no evidence that Plaintiff was not selected for retention in the reduction in force because of any "complaints" that he made about the processing of service orders for Verizon's internal CLEC, VADI.[12]  See Def. Mem., at 17-19.  Most telling is Plaintiff's testimony that (1) another Team Leader, Patrick Podolske, made the very same complaint but was retained and (2) Plaintiff did not know if his complaint had anything to do with his lay off.  SOF Ex. 1 at 66-67.  Even if Plaintiff could establish that he was laid off because of these complaints, Mass. Gen. Laws c. 93A does not provide a basis from these facts to establish an underlying public policy which could form the grounds for a wrongful discharge claim.  See Mistishen v. Falcone Piano Co., Inc., 36 Mass. App. Ct. 243, 245-46 (1994);  Def. Mem. at 17-19.

V. **CONCLUSION**

For the foregoing reasons, Verizon respectfully requests the Court grant its Motion for Summary Judgment on all remaining counts of Plaintiff's Complaint.

---

[11] Plaintiff's reliance on Ross v. Raytheon to support his "position of equitable tolling" is misplaced. Equitable tolling is available only where the Plaintiff does not have and could not have found with due diligence the information essential to bring suit. Ross, 2001 Mass. Super. Lexis 481, at *5 (Nov. 1 2001) citing Wynn & Wynn P.C. v. Mass. Comm. Against Discrim., 431 Mass. 655, 673 (2001) *overruled in part on other grounds by* Stonehill Coll. v. Mass. Comm. Against Discrim., 441 Mass. 549, 562 (2004). By the time Plaintiff eventually filed this lawsuit in late August 2004 he had already conducted discovery and otherwise prosecuted his claim of age discrimination at the MCAD for nearly three years.  There is nothing equitable in now allowing the Plaintiff to profit from his unreasonable delay in pursuing his claim in court.

[12]  In this assertion too Plaintiff embellishes his deposition testimony in an effort to make his claim appear more compelling. At deposition, Plaintiff testified that on one occasion he objected to a request that service representatives correct errors made by VADI. SOF Ex. 1 at 65-69, 82-84. In his Opposition, Plaintiff recasts Verizon's conduct as  unfair and deceptive trade practices, illegal "price-fixing in restraint of trade" and violations of Federal antitrust statutes. Opp. at 7-8.  Plaintiff also now portrays himself as a "whistleblower" who had a good faith basis to believe that Verizon was violating the law. Opp. at 9. Plaintiff apparently forgot that at deposition he testified that he did not know the "legalities" of the alleged practice at the time. SOF Ex. 1 at 82-83. Plaintiff's newfound characterizations (and newly created "facts") notwithstanding, Plaintiff's complaint is insufficient to create a public policy violation. See Def. Mem. at 18-19.

        Respectfully submitted,

        The Defendant,
        TELESECTOR RESOURCES GROUP, INC.
        D/B/A VERIZON SERVICES GROUP,
        By its attorneys,


        <u>/s/ John P. McLafferty</u>
        John P. McLafferty, BBO #639179
        Felix J. Springer (pro hac vice)
        DAY, BERRY & HOWARD LLP
        One International Place
        Boston, Massachusetts 02110
        (617) 345-4600

DATED: December 2, 2005

## CERTIFICATE OF SERVICE

    I, John P. McLafferty, do hereby certify that on this 2nd day of December, 2005, I caused a true copy of the foregoing to be sent via first class mail, postage prepaid to Frank L. Fragomeni, Jr., Esquire, 15 Broad Street, Suite 501, Boston, Massachusetts 02109.

                                         /s/ John P. McLafferty
                                         John P. McLafferty