UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHARLES ROBINSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Civil Action No. 04-11964-NG |
| TELESECTOR RESOURCES GROUP, INC. D/B/A VERIZON SERVICES GROUP, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Court's August 29, 2006 Order, the Defendant Telesector Resources Group, Inc. d/b/a Verizon Services Group ("Verizon"), respectfully submits the following proposed preliminary jury instructions to be read to the jury at the beginning of trial. Verizon reserves the right to modify, amend or supplement these requests, and to submit final proposed jury instructions to be read to the jury at the close of evidence.

## PROPOSED JURY INSTRUCTION NO. 1

### FILING OF LAWSUIT/BURDEN OF PROOF

Ladies and gentlemen, I must remind you that the mere filing of a lawsuit containing allegations or claims against another person or business is proof of nothing. And you must not draw any inference from the fact that a lawsuit was filed. To decide whether a case has been proved in accordance with all of the requirements of law on which I will instruct you, you must look to the evidence, for it is from that evidence that you must determine whether the Plaintiff, Charles Robinson, has or has not proved his claims. Your verdict must be based absolutely and solely upon the law I give you and the evidence presented to you during the trial of this case.

## PROPOSED JURY INSTRUCTION NO. 2

### CORPORATE DEFENDANT

In this case, the Defendant, Verizon, is a corporation. This fact must not influence your decision in this case. In the eyes of the law, a corporation is a person and is entitled to the same fair trial as an individual. Considerations of the size of the Company or its financial position have no place in this trial. This case is not to be decided on the basis of relative size or wealth. All parties stand equal under the law and are to be dealt with as equals in a court of justice.

Source:

Devitt & Blackmar, §§ 71.01, 71.04 (1998).

## PROPOSED JURY INSTRUCTION NO. 3

### SYMPATHY

In deciding the facts of this case, you must perform your duties as jurors without bias or prejudice as to any party. Your verdict may not be based on any element of sympathy. For instance, you cannot find for Plaintiff simply because of some general feeling that Verizon should have treated him differently. The question for you is not whether Plaintiff, in your view, was treated fairly or unfairly, well or badly, but whether he has proved all of the elements of his legal claims by a fair preponderance of the evidence.

Source:

Parcinski v. Outlet Co., 673 F.2d 34 (2d Cir. 1982).

## PROPOSED JURY INSTRUCTION NO. 4

### BUSINESS DECISIONS

An employer is entitled to make its own subjective business decisions. You are not to substitute your judgment for that of Verizon in its employment decisions. You may not second guess business decisions made by Verizon, and you are not to decide whether Verizon, in offering legitimate, non-discriminatory reasons for terminating Plaintiff, was right, correct or wise in its reasons. The law does not require an employer to use any particular criteria in making employment decisions. Verizon need not be right, correct or wise in its reasons. Even erroneous, poor or illogical employment decisions are not illegal. Your only inquiry is whether decisions regarding the termination of Plaintiff's employment were motivated by his age.

Sources:

Mesnick v. General Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991).
Watkins v. Sverdrup Tech. , 153 F.3d 1308, 1317 (11th Cir. 1998).
Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 44-45 (2005).
Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107, 116-18 (2000).

## PROPOSED JURY INSTRUCTION NO. 5

## AGE DISCRIMINATION – BURDEN OF PROOF

In this case, the Plaintiff claims that Verizon decided not to retain him in his position as a Team Leader, resulting in him being laid off, because of his age. Under Massachusetts state law, an employer may not discriminate against an employee because of that employee's age, when the employee is forty years old or over. The law does not, however, prohibit an employer from discharging or laying off an employee based on factors other than age. An employer is entitled to reduce its workforce and structurally reorganize its operations to maximize efficiency, but may not discharge an employee because of his age.

It is the Plaintiff's burden in this case to prove by a preponderance of the evidence that Verizon did not retain him in his Team Leader position because of his age. You must determine whether the Plaintiff has proven by a preponderance of evidence that Verizon would have retained him in his position of Team Leader if he had been younger than 40 and everything else had remained the same. Plaintiff must prove that age made a difference in Verizon's decision. You must find for Verizon if you determine that the Plaintiff's age was not a determinative factor in Verizon's decision not to retain him in his position as a Team Leader.

Sources:

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 173.20 (2000).
Mass. Gen. Laws ch. 151B, § 4
Reeves v. Sanderson, 530 U.S. 133 (2000).
McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801-805 (1973).
LeBlanc v. Great American Ins. Co., 6 F.3d 836, 844 (1st Cir. 1993).
Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 44-45 (2005).
Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107, 116-18 (2000).

## PROPOSED JURY INSTRUCTION NO. 6

### AGE DISCRIMINATION

The law requires only that employers treat employees without regard to their age. The law does <u>not</u> require that a company lay off or transfer a younger worker in order to retain an older worker. Nor does the law require that a company find or create a job in order to keep an older worker employed, or require that a company allow an older employee to bump or displace a younger worker in order to keep the older worker employed. More simply, the law does not require a company to give employees over the age of 40 any special or preferential treatment simply because of their age. The law requires only that an employee's age be treated in a neutral fashion, neither helping nor hindering the employee's advancement or layoff. Consequently, being aged 40 or older does not insulate an employee from layoff nor entitle the employee to any preferences or special privileges. Simply because an employee is over age 40 and is laid off does not prove discrimination and does not entitle the employee to recover damages.

<u>Sources</u>:

O'Malley, Grenig and Lee, <u>Federal Jury Practice and Instructions</u>, § 173.20 (2000).
Mass. Gen. Laws ch. 151B, § 4
<u>Reeves v. Sanderson</u>, 530 U.S. 133 (2000).
<u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 801-805 (1973).
<u>LeBlanc v. Great American Ins. Co.</u>, 6 F.3d 836, 844 (1st Cir. 1993).
<u>Sullivan v. Liberty Mut. Ins. Co.</u>, 444 Mass. 34, 44-45 (2005).
<u>Abramian v. President & Fellows of Harvard Coll.</u>, 432 Mass. 107, 116-18 (2000).

**PROPOSED JURY INSTRUCTION NO. 7**

**AGE DISCRIMINATION – REDUCTION IN FORCE/BUSINESS JUDGMENT**

     This case involves what is called a reorganization and reduction in force. Under Massachusetts state law, an employer may hire, fire, lay off, demote, or promote any employee on the basis of objective or purely subjective reasons, even if such reason is short-sighted or unwise, as long as the employer's decision is not because of the worker's age. An employer is entitled to make decisions regarding its workforce, and the wisdom, correctness, and justification for such decisions are not subject to your review. Simply put, you are not allowed to second-guess Verizon's decisions regarding its reorganization and layoffs or to substitute your judgment for that of Verizon. Instead, the only issue of concern to you here is whether the Plaintiff has proved by a preponderance of the evidence that Verizon did not retain him in his position of Team Leader because of his age. In considering Verizon's reasons for its decision affecting the Plaintiff's employment, you are not required to decide whether you agree with the company's decisions. Verizon is entitled to exercise its management discretion and make its own judgments in these respects. Verizon conducted a reorganization and reduction in force in the Plaintiff's department. You may not, however, consider whether the reorganization or reduction in force was a good business decision. It is not your job to determine whether Plaintiff should have been retained nor should you decide which of Verizon's employees should have been laid off. The wisdom of Verizon's decision is not before you and may not be second-guessed by you. Under the law that governs this case, Verizon had the right to lay off the Plaintiff for any reason, provided its decision was not based on the Plaintiff's age.

Sources:

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 173.66 (2000).
Lewis v. City of Boston, 321 F.3d 207 (1st Cir. 2003).

Mesnick v. General Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991).
Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 44-45 (2005).
Lipchitz v. Raytheon Co., 434 Mass. 493, 501 (2001).
Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107, 116-18 (2000).
Brunner v. Stone & Webster Eng'g Co. 413 Mass. 698, 703-74 (1992).

## **PROPOSED JURY INSTRUCTION NO. 8**

## **AGE DISCRIMINATION – ELEMENTS**

As I have said, the Plaintiff has the ultimate burden of proof in this case. Therefore, the law requires that, to find for the Plaintiff, you must find that he has proven, by a preponderance of the evidence, that: (1) he is over 40 years of age; (2) he suffered harm; (3) Verizon acted with a discriminatory intent, motive or state of mind; and (4) such a discriminatory intent, motive or state of mind actually played a determinative role in Verizon's decision not to retain him as a Team Leader. It is undisputed that Plaintiff is over 40 years of age and that Plaintiff was not selected to be retained in his position as a Team Leader. However, you must determine whether Plaintiff has proved that his age was a determinative factor in Verizon's decision not to retain him in his position as Team Leader, and if so, whether he suffered any damages as a result.

Sources:

Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 44-45 (2005).
Knight v. Avon Products, Inc., 438 Mass. 413, 421-23 (2003)
Lipchitz v. Raytheon Co., 434 Mass. 493, 501 (2001).
Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107, 116-18 (2000).

## **PROPOSED JURY INSTRUCTION NO. 9**

## **AGE DISCRIMINATION - PRETEXT**

Plaintiff may meet his burden of showing a discriminatory intent by proving by a preponderance of the evidence that Verizon's reasons not retaining him as a Team Leader are untrue.  However, simply because you do not believe Verizon's explanation for its decisions does not require you to find that Verizon intentionally discriminated against the Plaintiff because of his age.  You may conclude that, even if Verizon's reasons are false, that the real reason for Plaintiff's termination was not age discrimination.  Plaintiff may prevail only if he proves to you that his age was a determinative factor in Verizon's decision not to retain him as a Team Leader.  In order to succeed on the discrimination claim, Plaintiff must persuade you, by a preponderance of the evidence, that were it not for age discrimination, he would have retained his position as a Team Leader.

Sources:

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 173.66 (2000).
Lewis v. City of Boston, 321 F.3d 207 (1st Cir. 2003).
Mesnick v. General Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991).
Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 44-45 (2005).
Lipchitz v. Raytheon Co., 434 Mass. 493, 501 (2001).
Abramian v. President & Fellows of Harvard Coll., 432 Mass. 107, 116-18 (2000).
Brunner v. Stone & Webster Eng'g Co. 413 Mass. 698, 703-74 (1992).

# **PROPOSED JURY INSTRUCTION NO. 10**

## **DAMAGES**

There is only one trial in this case and you, the jury, will have to decide, based on the facts and on the rules of law on which I am instructing you, first, whether Verizon is liable to the Plaintiff for age discrimination and if so, secondly, the amount of the damages the Plaintiff has proved.  Verizon has only one opportunity to present its evidence upon which you may decide issues of liability and, if you find Verizon liable, issues of damages as well.  Since Verizon must prematurely address the issue of damages or completely lose its opportunity to do so, none of the evidence or discussion relating to damages presented on Verizon's behalf should be taken or construed by you as an admission by Verizon that it is liable or that the Plaintiff is entitled to a damages award.  Quite the contrary, as has been clearly presented to you, Verizon has denied the Plaintiff's allegations just as vigorously as the Plaintiff has pressed his claims.

The fact that I am instructing you as to the proper measure of damages should not be considered as suggesting any view of mine as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are given for your guidance and should only be considered in the event you find in favor of the Plaintiff in accordance with the other instructions that I have given you.

If you find that Verizon discriminated against the Plaintiff on the basis of his age, then you must determine the amount of damages that the Plaintiff has proved that he has sustained as a result of that discrimination.  You should bear in mind that the Plaintiff has the burden of proving both that he was damaged and the extent of those damages.

You must base any award of damages only upon the evidence produced at trial concerning the extent, if any, of the Plaintiff's damages.  You may not speculate as to the amount of damages which the Plaintiff may have suffered in the absence of proof of a particular loss and

the size or dollar amount of that loss.  Nor may you award damages based on sympathy for the

Plaintiff, or bias of any kind against the Defendant

Sources:

Devitt & Blackmar § 74.02.
Conway v. Electro Switch Corp., 402 Mass. 385, 388 (1988).
Lufkin's Real Estate, Inc. v. Asep, 349 Mass. 343, 346 (1965).
Connolly v. Suffolk County Sheriff's Dep't, 62 Mass. App. Ct. 187, 198 (2004).
Kolb v. Gold Ring, Inc., 694 F.2d 869, 872 (1st Cir. 1982).

**PROPOSED JURY INSTRUCTION NO. 12**

**DAMAGES – MITIGATION**

Plaintiff has an affirmative duty to make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages." Verizon must prove by a preponderance of the evidence that Plaintiff failed to mitigate his damages for loss of compensation.

If you determine Plaintiff is entitled to damages, you must reduce these damages by:

1.   What Plaintiff earned; and

2.   What Plaintiff could have earned by reasonable effort during the period from Plaintiff's discharge until the date of trial.

You must decide whether Plaintiff acted reasonably in not seeking or accepting a particular job. If you determine Plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages Plaintiff alleges in this lawsuit, such as lost compensation and/or benefits, resulted from Plaintiff's failure to do so.

You must not compensate Plaintiff for any portion of Plaintiff's damages resulting from his failure to make reasonable efforts to reduce his damages.

Sources:

O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 179.61 (2002).
Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982).
Cummings v. Std. Register Co., 265 F.3d 56, 66 (1st Cir. 2001).
Kelley v. Airborne Freight Corp., 140 F.3d 335, 336 (1st Cir. 1998).
Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53-54 (2d Cir. 1998).
Miller v. AT&T Corp., 250 F.3d 820, 838 (4th Cir. 2001).
Nicholas v. Ashland Hosp. Corp., 251 F.3d 496, 503 (4th Cir. 2001).

        Respectfully submitted,

        The Defendant,
        TELESECTOR RESOURCES GROUP, INC.
        D/B/A VERIZON SERVICES GROUP,
        By its attorneys,

        /s/ John P. McLafferty
        John P. McLafferty, BBO #639179
        Felix J. Springer (pro hac vice)
        DAY, BERRY & HOWARD LLP
        One International Place
        Boston, Massachusetts 02110
        (617) 345-4600

DATED: September 27, 2006

## CERTIFICATE OF SERVICE

    I, John P. McLafferty, do hereby certify that on this 27th day of September, 2006, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing(s) to the following:  Frank L. Fragomeni, Jr., Esquire, 15 Broad Street, Suite 501, Boston, Massachusetts 02109.

        /s/ John P. McLafferty
        John P. McLafferty