UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHARLES ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>TELESECTOR RESOURCES GROUP, INC. D/B/A<br>VERIZON SERVICES GROUP,<br><br>    Defendant. | Civil Action No. 04-11964-NG |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER ALLEGED INSTANCES OF AGE DISCRIMINATION

  The Defendant Telesector Resources Group, Inc. d/b/a Verizon Services Group ("Verizon") respectfully moves this Court to preclude Plaintiff Charles Robinson ("Robinson") from introducing evidence of or referencing any allegations of age discrimination by any Verizon employees other than Plaintiff, including but not limited to evidence concerning hearsay statements allegedly made by two former co-workers fifteen years prior to the termination of Plaintiff's employment. Evidence of other alleged instances of age discrimination must be excluded because: (1) it is not relevant to Plaintiff's claim of age discrimination; (2) the alleged statements of Plaintiff's co-workers constitute inadmissible hearsay; and (3) the unduly prejudicial effect of such evidence substantially outweighs any probative value.

### FACTUAL BACKGROUND

  Plaintiff alleges that Verizon eliminated his position as a Team Leader in a reduction in force and terminated his employment in August 2001 because of his age, 52, in violation of Mass. Gen. Laws ch. 151B, § 4. In support of his claim, Plaintiff alleges that on three occasions more than a year before his termination his supervisor, Henry Pilat, asked him if he would take a

retirement "package" if one were offered.  At deposition, Plaintiff testified that he objected to Pilat's questions because he "had seen that type of questioning in the past and did not like it." See excerpts from Deposition of Charles Robinson, attached hereto as Exhibit 1, at 116-17. Specifically, Plaintiff claimed he had seen "older coworkers being asked" whether they wanted to retire.  Id. at 116-17.  Upon further inquiry, Plaintiff admitted that he had not, in fact, observed such questioning.  Id. at 118.  Rather, he admitted that approximately fifteen years earlier two co-workers told him that they "were being asked to retire."  Id. at 118-120.  Plaintiff did not know who asked these alleged questions or any other details of the questions posed to his co-workers.  Id.  Verizon anticipates that Plaintiff will attempt to testify at trial concerning these alleged discussions.

## ARGUMENT

### I. Evidence Regarding Other Alleged Instances of Age Discrimination Is Not Relevant To Plaintiff's Claims.

Evidence concerning other alleged instances of age discrimination by Verizon employees other than Plaintiff is not relevant to the issues to be decided at trial.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "This standard grants the district court substantial latitude in admitting testimony and for that reason, only in exceptional cases will reversible error be found in the district court's determination of the probative value of testimony in a particular case." Cummings v. Std. Register Co., 265 F.3d 56 (1st Cir. 2001).

Evidence of other alleged age discrimination concerning employees other than Plaintiff and wholly unrelated to Plaintiff's claim of age discrimination is irrelevant because such evidence would not make it more or less likely that Plaintiff was not retained in his Team Leader

position because of his age. See, e.g., Woodhouse v. Motel 6, G.P. Inc., 67 F.3d 310 (9th Cir. 1995) (other complaints of discrimination not probative of discrimination in a plaintiff's particular case); Schrand v. Federal Pacific Elec. Co., 851 F.2d 152 (6th Cir. 1988) (evidence of alleged discrimination against two other employees not relevant to plaintiff's discrimination case); Haskell v. Kaman Corp., 743 F.2d 113 (2d Cir. 1984) (evidence of other allegedly discriminatory terminations not probative of showing discrimination in particular case); Tzoumis v. Tempel Steel Co., 168 F. Supp. 2d 871, 875 (N.D. Ill. 2001) (the lawsuits and discrimination charges of other employees have no relevance to the issues in this case). This is particularly true where, as here, there are no other allegations of age discrimination against Plaintiff's manager, Henry Pilat, who allegedly made age-related comments to Plaintiff. Nor does Plaintiff allege that Pilat was involved in the alleged questioning of co-workers concerning those employees' retirement intentions. For these reasons, evidence related to allegations any other Verizon employees of age discrimination is not relevant and should be excluded.

## II.     The Statements of Plaintiff's Co-Workers Are Hearsay and Should Be Excluded From Trial.

Any testimony by Plaintiff concerning retirement inquiries made to co-workers is hearsay and should be excluded. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Verizon anticipates that Plaintiff will offer his recollection of the out-of-court statements by his co-workers for the truth of the matter asserted therein, i.e., that they were asked whether they wanted to retire. This is classic hearsay. There are no exceptions under the Federal Rules of Evidence that would allow the admission into evidence of these questions allegedly posed to Plaintiff's co-workers. See Fed. R. Evid. 802, 803, 804. Plaintiff does not know the identity of the individuals making these inquiries, nor does he have any first-hand

knowledge of what in fact was said. Accordingly, the Court should exclude from evidence any statements attributed to Plaintiff's co-workers or Verizon managers not involved in the employment decisions at issue in this case because they constitute inadmissible hearsay.

### III. The Admission Of Evidence Regarding Other Alleged Age-Related Comments Would Prejudice Defendant's Right To A Fair Trial.

Even if the court were to conclude that the evidence is otherwise admissible and of some probative value, the prejudicial nature of the evidence requires its exclusion. Trial courts have wide latitude in determining whether evidence should be admitted or excluded under Rule 403, on the grounds that the evidence results in unfair prejudice. United States v. Taylor, 284 F.3d 95, 102 (1st Cir. 2002); Espeaignnette v. Gene Tierney Co., 43 F.3d 1, 5 (1st Cir. 1994) (citing Fed R. Evid. 403 advisory committee's note, "'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one").

Regardless of its probative value, the introduction of evidence regarding allegations of age discrimination by employees other than Plaintiff, including the hearsay statements described above, would unfairly prejudice Verizon. Plaintiff would seek to introduce such evidence in the hope that the jury will infer that, because other employees allegedly suffered age discrimination and/or were asked about their retirement intentions, that the company routinely discriminates against older employees. If such evidence were admitted, the consideration of the true issue in this case, Plaintiff's age discrimination claim, would be diffused and unfocused because Verizon would be forced to defend the unrelated allegations of other employees asserting age discrimination as well as Plaintiff's claim. The only issue before the Court and the jury is whether Plaintiff was not retained in his Team Leader position because of his age, not generally whether Verizon discriminates against employees because of age. Thus, evidence regarding other purported age-related comments, purportedly made by other decision makers many years

before the decision in 2001 not to retain Plaintiff as a Team Leader, will only distract, mislead or confuse the jury as to what it must decide.

Because any probative value of any evidence concerning other alleged instances of age discrimination is substantially outweighed by unfair prejudice its admission would cause Verizon, such evidence should be excluded.

## **CONCLUSION**

For the foregoing reasons, Verizon respectfully requests that this Court preclude Plaintiff from offering evidence or argument related to any allegations concerning other instances of age discrimination at Verizon.

                    Respectfully submitted,

                    The Defendant,
                    TELESECTOR RESOURCES GROUP, INC.
                    D/B/A VERIZON SERVICES GROUP,
                    By its attorneys,

                    /s/ John P. McLafferty
                    John P. McLafferty, BBO #639179
                    Felix J. Springer (pro hac vice)
                    DAY, BERRY & HOWARD LLP
                    One International Place
                    Boston, Massachusetts 02110
                    (617) 345-4600

DATED: September 27, 2006

## CERTIFICATE OF SERVICE

    I, John P. McLafferty, do hereby certify that on this 27th day of September, 2006, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing(s) to the following:  Frank L. Fragomeni, Jr., Esquire, 15 Broad Street, Suite 501, Boston, Massachusetts 02109.


                                  /s/ John P. McLafferty
                                  John P. McLafferty